IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **CHOICE HOTELS INTERNATIONAL, INC.** | * | |
| Plaintiff, | * | Civil No. **PJM 21-429** |
| v. | * | |
| **JACOBSON HOSPITALITY, INC.** *et al.* | * | |
| Defendants. | * | |

## MEMORANDUM OPINION

Choice Hotels International Inc. ("Choice Hotels"), a hotel franchise company, filed an Application to confirm an arbitrator's award in its favor against former-franchisee Jacobson Hospitality, Inc. ("JHI") and Grace Jacobson ("Jacobson"). Defendant JHI did not respond, and the Court entered default judgment against it on November 19, 2022. Default judgment was denied as to Defendant Grace Jacobson, who had filed an Answer and opposed entry of default.

Choice Hotels has now filed a Motion for Summary Judgment against Jacobson. ECF No. 17. Finding no hearing necessary, *see* D. Md. Loc. R. 105.6, the Court GRANTS Choice Hotels' motion and ENTERS judgment as requested.

### I. BACKGROUND

In 2014, Choice Hotels entered into a franchise agreement with JHI ("Franchise Agreement") to operate a "Clarion Inn & Suites" in Shenandoah, Texas ("Hotel"). JHI is wholly owned by Grace Jacobson, and Grace Jacobson is the guarantor of JHI under the Franchise

1

Agreement ("Agreement"). *See* Franchise Agreement, ECF No. 17-1; Guaranty, available at ECF No. 17-2.

Pursuant to the Agreement, JHI was required to pay monthly royalty, marketing, and reservation system fees. The Agreement also contains a premature termination clause, which obligates Defendants to pay Choice Hotels a sum in liquidated damages if the Agreement is prematurely terminated due to Defendants' default,[1] as well as a mandatory arbitration clause, which provides that "any controversy or claim arising out of or relating to" the Agreement be subject to arbitration. *See* Franchise Agreement § 21, ECF No. 17-1.

Starting in December 2017, JHI fell behind in its payments. After notifying Defendants of their default, Choice Hotels terminated the Franchise Agreement on October 29, 2018 and made a demand for immediate payment. No payment was forthcoming, and Choice Hotels thereafter entered into arbitration proceedings against Jacobson and JHI before the American Arbitration Association.

During the arbitration proceedings JHI and Grace Jacobson filed various cross motions and oppositions, primarily arguing that Choice Hotels' evidence was not timely submitted, as it was submitted about two weeks after the deadline set by the Arbitrator. The Arbitrator rejected this argument and, on October 15, 2020, found that Defendants had breached the Agreement and made a monetary award in Choice Hotels' favor totaling $244,468.31.[2] *See* Award of the Arbitrator, ECF No. 17-5.

---

[1] The sum for liquidated damages under the Agreement is calculated as follows: "the product of (i) the average monthly Gross Room Revenues during the prior 12 full calendar months (or such shorter time that the Hotel has been open), multiplied by (ii) the maximum Royalty Fee payable under Section 4(b)(1), multiple by (iii) the number of months until the next date that you could have terminated this agreement without a penalty... not to exceed 36 months..." Franchise Agreement § 10(d)(2), ECF 17-1.

[2] The award consisted of $80,247.17 for unpaid and past due amounts; $25,666.78 for interest on the unpaid and past due amount for the period between February 14, 2017 and October 14, 2019; and $131,664.36 for liquidated damages calculated pursuant to the Franchise Agreement. The Arbitrator also awarded fees and expenses of the AAA

2

On February 22, 2021, Choice Hotels commenced this action against Jacobson and JHI by filing an Application to Confirm Arbitration Award under the Federal Arbitration Act, 9 U.S.C. §§ 9, 13. Jacobson, initially *pro se*, filed an Answer on April 26, 2021, in which she raised three affirmative defenses: (1) that the Arbitrator's decision was arbitrary and capricious; (2) that the Arbitrator's ruling ignored the Commercial Rules in prejudice to the Respondents; and (3) that Respondents were denied proper Notice and therefore their right to defend and counter-claim. She also reiterated her contention raised before the Arbitrator that Choice Hotels' evidence submitted after the Arbitrator-set due date should not have been accepted and rendered the proceedings improper. ECF No. 5. Defendant JHI did not file an answer.

On July 26, 2021, Choice Hotels moved for Clerk's entry of default as well as for default judgment as to both Defendants. ECF Nos. 9 and 10. While the Court entered default judgment as to JHI, it denied the motions with respect to Jacobson, who had not only answered the application, but also filed a response in opposition. ECF No. 12.

Thereafter, in December 2021, Choice Hotels filed a Motion for Summary Judgment as to Jacobson. JHI, at that point represented by counsel, filed a motion seeking to vacate the Court's default judgment against it. The Court denied that motion and provided counsel additional time to respond to the pending Motion for Summary Judgment. Jacobson has now filed her response, in which she states that she does not oppose the Motion. ECF No. 25.

## II.  LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute is one where the evidence is such that "a reasonable jury could

---

proceeding, totaling $2,900.00, and fees and expenses of the Arbitrator, totaling $3,990.00. *See* Award of the Arbitrator, ECF No. 17-5.

3

return a verdict for the nonmoving party." *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012). A material fact is one that might affect the outcome of the lawsuit, given the relevant law. *Erwin v. United States*, 591 F.3d 313, 320 (4th Cir. 2010). When considering a motion for summary judgment, the court views the record in the light most favorable to the nonmoving party and draws all reasonable inferences in his or her favor. *Dulaney*, 673 F.3d at 330.

A party to arbitration may apply for an order confirming the arbitration award within one year after the award is made. *See* 9 U.S.C. § 9. When such an application is made, the scope of a federal district court's review of an arbitrator's award is narrow. "Federal courts must give 'great deference' to an arbitration award," *Choice Hotels Int'l. Inc., v. Shiv Hospitality, LLC*, 491 F.3d 171, 177 (4th Cir. 2007). The court must issue the order "unless the award is vacated, modified, or corrected." *Id*. A court may vacate an arbitrator's judgment only in limited circumstances, such as if it was "procured by corruption, fraud, or undue means," was the product of some misconduct or partiality, or if the arbitrator exceeded the scope of his or her powers. *See* 9 U.S.C. § 10. Similarly, 9 U.S.C. § 11 permits the court to modify or correct the award if there are any "evident material miscalculation[s]," or if the arbitrator decided an issue not properly before him or her. A party seeking to challenge an arbitration award must do so within three months of entry of the award. 9 U.S.C. § 12.

### III. DISCUSSION

Choice Hotels initiated this suit within one year of receiving the arbitration award. *Compare* ECF No. 1 with ECF No. 1-2 (copy of Award of the Arbitrator). Choice Hotels contends that summary judgment is appropriate because Jacobson is time barred from objecting to the underlying arbitration award—she did not file a challenge to the arbitration award until raising her affirmative defenses in her Answer on April 26, 2021, over three months after the statute of

limitations period as set forth in 9 U.S.C. §12. Having failed to timely challenge the award, says Choice Hotels, there can be no dispute of material fact. Jacobson does not oppose the Motion, apparently conceding this point. Indeed, at no point in these proceedings has she argued that the statute of limitations should have tolled. The Court agrees that the time for challenging the award has come and gone. On this basis alone, the award must be confirmed.

Even if Jacobson's challenge were timely, Choice Hotels would be entitled to confirmation of the arbitration award. No evidence suggests that the invocation of the arbitration clause in this case, or the Franchise Agreement itself was invalid. Accordingly, this Court's review of the arbitration award would be limited to determining whether the award was procured by corruption, fraud, or undue means; whether the arbitrator exhibited partiality or misconduct; whether misconduct on the part of the arbitrator prejudiced the rights of one of the parties; or whether the arbitrator exceeded his powers. *See* 9 U.S.C. § 10(a). Defendant's theory that the arbitration proceedings were not proper due to the Arbitrator accepting Choice Hotels' evidence past the deadline it set is unavailing: Admission of evidence is clearly within the discretion of the Arbitrator. In any case, Jacobson has now abandoned this argument as well as her other affirmative defenses. *See* ECF No. 23 ("in light of the Court's Orders . . . rejecting the defenses of Jacobson Hospitality, Inc., for which Grace Jacobson is guarantor, Defendant Grace Jacobson now cannot oppose the Motion").[3]

The facts in this case are straightforward and demonstrate that judgment in favor of Choice Hotels is warranted: JHI (owned and guaranteed by Jacobson) failed to make payments as required

---

[3] In her Answer, Jacobson also challenged the arbitration award on the basis that "Defendants were not properly notified." *See* ECF No. 5 ¶13. The record shows that Jacobson received notice of default and a notice of termination from the Plaintiff and filed an opposition in the arbitration proceeding (though she did not attend the preliminary hearing and did not request a subsequent hearing). *See* ECF No. 17-3, 17-4, 17-5. The Court sees no error in the notice provided, and as stated, all opposition to summary judgment, including this argument, has been abandoned by Jacobson. *See* ECF No. 25.

by the Agreement; the dispute was resolved through arbitration per the Agreement; there was no misconduct or violation in the arbitration proceedings; the award was submitted for confirmation by the Court (as also provided for in the Agreement); and Jacobson did not challenge the arbitration award until the statute of limitations had run. She now concedes that she has no basis to challenge the Motion for Summary Judgment. *See* ECF No. 25. Therefore, judgment should enter in Plaintiff's favor against Jacobson.

Regarding the award amount to be confirmed, the $244,468.31 amount awarded by the Arbitrator clearly tracks the calculation provided in the Agreement and is supported by evidence. ECF No. 17-1 – 17-5. Indeed, at no point in these proceedings has Jacobson sought to challenge the award as calculated, instead raising technical arguments at regarding, for instance, the names of JHI and the Arbitrator's admission of evidence. Accordingly, the arbitration away is confirmed in its entirety. Court costs in the amount of $400.00 are also awarded as requested in the application. *See* Fed. R. Civ. P. 54(c); Fed. R. Civ. P. 45(d)(1). The court need not specifically grant an award of post-judgment interest because Plaintiff is entitled to recover such interest by operation of law. *See* 28 U.S.C. § 1961(a) ("[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court.").

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the "Motion for Summary Judgment," ECF No. 17 against Grace Jacobson.

A separate order will **ISSUE**.

/s/
_____
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

June 30, 2022